Entered on Docket
September 07, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**Signed and Filed: September 03, 2010**

_____
**DENNIS MONTALI**
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                              ) Bankruptcy Case
                                   ) No. 09-32520DM
D'ANGELO CAMACHO CARPO, and        )
MYRNA AYRAN BAUTISTA-CARPO,        ) Chapter 11
dba Elena Home Care,               )
                                   )
                    Debtors.       )
_____)
```

MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION
OF ORDER IMPOSING SANCTIONS AGAINST TIMOTHY UMBREIT, ESQ.

On February 4, 2010, this court entered an order ("OSC") directing Timothy Umbreit, Esq., to appear in person at a hearing on March 5, 2010, to show cause why the Bander Law Firm should not be compelled to disgorge all fees and retainers paid to it by D'Angelo Camacho Carpo and Myrna Ayran Bautista-Carpo ("Debtors") and why Mr. Umbreit should not be personally sanctioned for failure to comply with this court's prior directive to appear in person at a January 28 status conference.[1] Mr. Umbreit did not

---

[1] On December 11, 2009, the court issued an Amended Notice of Status Conference for January 12, 2010, directing Debtors and their counsel to appear; the notice also directed Debtors to file a status conference statement no later than 14 days prior to the status conference. Mr. Umbreit (Debtors' counsel) did not file a status conference statement and did not appear at the status conference. Instead, Thomas Hesketh, Esq. (who was not a member of Mr. Umbreit's firm) appeared specially.

At the January 12 status conference, the court informed Mr. Hesketh on the record that it was ordering Mr. Umbreit to appear in person at a continued status conference on January 28, 2010,

appear at the March 5 hearing on the OSC[2] and he did not file a written response to the OSC seven days prior to the hearing (as directed in the OSC).

Finding that Mr. Umbreit's conduct (including his failure to attend hearings as directed by the court)--both individually and as the attorney of record (through the Bander Law Firm)--was willful, the court entered an order on March 22, 2010, imposing sanctions in the amount of $5,000 against him personally (the "Sanctions Order"). The Sanctions Order directed Mr. Umbreit to pay that amount to Debtors, in care of their new counsel, by April 5, 2010. Mr. Umbreit has not made the payment.

Mr. Umbreit filed a motion for reconsideration and for relief from the Sanctions Order on April 2, 2010. He did not seek a stay of the Sanctions Order. The court held a hearing on the motion for reconsideration on April 30, 2010.

---

and that he must file a status conference statement no later than January 21. The minutes of the hearing state:

> Courtroom Hearing Continued (RE: Notice of Status Conference Chp 11 Individual - related document(s) 46 ) (Continued to 1/28/2010 03:00 PM at San Francisco Courtroom 22 - Montali) (The U.S. Trustee may file a motion to convert or dismiss by 1/15/10 and shall be heard on 1/28/10 at 3:00 p.m. Debtors to file a status conference statement seven days prior to the continued hearing. Counsel for the debtors, Timothy Umbreit, is directed to appear in person at the continued hearing; no telephone appearance shall be allowed.)(lp) (Entered: 01/12/2010).

Mr. Umbreit did not appear at the January 28 status conference and did not file a status report. On the date of the hearing, Shonda from Mr. Umbreit's office called the courtroom deputy and left a message that Mr. Umbreit would not be appearing.

[2]The Bander Law Firm filed a chapter 7 petition on February 12, 2010 (Case No. 2:10-bk-15066-AA) in the Central District of California. Mr. Umbreit has not filed bankruptcy.

-2-

While the court understands that Mr. Umbreit's association with Bander Law Group was fraught with disorganization and chaos not necessarily attributable to him, he nonetheless chose not to attend the January 12 status conference and chose to disregard the court's directive to appear in person at the January 28 status conference. More importantly, he chose to act as Debtors' principal bankruptcy counsel, for which he must bear responsibility.

Debtors paid $20,000 or more to Mr. Umbreit's firm, but neither Mr. Umbreit nor any other attorney from his firm ever met Debtors in person. Mr. Umbreit's decision to represent Debtors without meeting them is consistent with the choices not to appear or file documents as ordered by the court. Notwithstanding the culpability of his firm and the firm's directors in the aggressive solicitation of clients without a corresponding attention to client needs, Mr. Umbreit signed and filed documents (including a Rule 2016 statement) and held himself out to be Debtors' counsel.

The court therefore maintains that Mr. Umbreit's conduct vis-a-vis the court orders and failure to file status conference statements was conscious and willful. Further, his conduct in the representation of Debtors was unprofessional and well below any reasonable standard of care. As a result, for the reasons set forth in detail in the Sanctions Order and the court's OSC, the court will DENY Mr. Umbreit's motion for reconsideration. Mr. Umbreit remains obligated to pay Debtors the $5,000 ordered in the Sanctions Order, plus interest at the federal rate since March 22, 2010. The court is concurrently entering an order to that effect.

**END OF ORDER**

```
 1                    COURT SERVICE LIST

 2  D'Angelo Camacho Carpo
    Myrna Ayran Bautista-Carpo
 3  212 Correas St.
    Half Moon Bay, CA 94019
 4
    Timothy F. Umbreit, Esq.
 5  Bander Law Firm
    1055 W. 7th St., #1950
 6  Los Angeles, CA 90017

 7  Timothy F. Umbreit, Esq.
    4701 Cartwright Ave
 8  Toluca Lake, CA 91602

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```